UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| United States of America, | No. 24-cr-266 (MJD/DLM) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Davion Dequell Evans, | |
| Defendant. | |

This matter is before the Court on Defendant Davion Dequell Evans's Motion to Dismiss Indictment filed on February 20, 2025. (Docs. 27 (Motion), 28 (Exhibits in Support).) The government filed its response to Mr. Evans's motion on March 14, 2025. (Doc. 30.) Both parties confirmed that they were not requesting an evidentiary hearing on Mr. Evans's motion, and as such the Court cancelled the April 9, 2025 pretrial motions hearing. (Doc. 31.) No supplemental briefing was received on Mr. Evans's motion, the record is now closed, and the matter is ripe for decision. For the reasons set forth below, the Court recommends that Mr. Evans's Motion to Dismiss Indictment be denied.

## BACKGROUND

Mr. Evans is charged in a single-count Indictment with being a Felon in Possession of Ammunition on or about April 15, 2023, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). (Doc. 1.) In support of his Motion to Dismiss, Mr. Evans submitted ten exhibits for the Court's consideration. (Doc. 28.) The government's response included no additional evidence, raised no objection to the Court's consideration of Mr. Evans's exhibits, and in

fact appears to rely on those exhibits as well. (*See, e.g.,* Doc. 30 at 1-3.) Accordingly, the below facts are drawn from Mr. Evans's exhibits, which the Court considers for purposes of his motion.

At about 2:21 a.m. on April 15, 2023—"bar close time"—Minneapolis police officers saw a white carjacked Kia stuck in traffic in downtown Minneapolis. (Doc. 28 at 6.) Officers were familiar with the car, which had been spotted by, and fled, police "numerous times" in the days since it had been stolen. (*Id.*) Law enforcement approached the Kia, which contained four passengers and Mr. Evans as the driver. (*Id.*) Mr. Evans attempted to evade police, first by accelerating the Kia into another vehicle and then reversing quickly. (*Id.*) Eventually, officers were able to contain the situation and arrest Mr. Evans. (*Id.*)

Once Mr. Evans and his four passengers were removed from the vehicle, officers searched it. (Doc. 28 at 7.) Law enforcement found a Glock 20 handgun, loaded with a live round in the chamber and a magazine with holding 15 additional live rounds, sticking out from under the front passenger seat. (*Id.* at 5, 7.) Under the rear portion of the front passenger seat was a so-called "ghost gun"—a Polymer80[1] weapon, also loaded with a live round in the chamber and a magazine with several live rounds. (*Id.* at 7) Based on the location of the weapons, officers surmised that the Glock was placed under the seat by the vehicle's front passenger, and the Polymer80 was placed under the same seat by the rear

---

[1] One officer's report identifies this weapon as a "Polyer80," but another clarifies that the manufacturer's name is in fact "Polymer80." (*Compare* Doc. 28 at 7 *with id.* at 1.)

2

passenger-side occupant. (*Id.*) Officers also located a large number of fentanyl pills in the rear passenger-side seat pocket. (*Id.* at 1, 7.)

DNA samples were collected from each of the Kia's five occupants, including Mr. Evans. (Doc. 28 at 10.) Samples were also collected via swabbing from, among other things, the Glock pistol as well as the "Glock magazine & (15) [Live Cartridges]." (Doc. 28 at 11.) Interpretative testing concluded that Mr. Evans was the major male DNA profile contributor to the swabbing from the Glock magazine and cartridges, something that "would not be expected to occur more than once among unrelated individuals in the world population." (*Id.*) A subsequent ATF report summarizing this incident indicated that "DNA results showed EVANS DNA on the GLOCK 20 10mm magazine." (*Id.* at 14-15.)

On October 2, 2024, Mr. Evans was charged by Indictment with being a Felon in Possession of Ammunition related to the above circumstances. (Doc. 1.) The indictment charges that Mr. Evans's offense conduct involved the illegal possession of "16 rounds of 10 mm-caliber Sellier & Bellot ammunition"—the rounds recovered from the Glock pistol—on or about April 15, 2023. (*Id.*) In his Motion to Dismiss the Indictment, Mr. Evans argues that this matter should be dismissed in its entirety without a trial because there is no evidence that he possessed ammunition.[2] (Doc. 27.) Specifically, Mr. Evans asserts that the DNA swabbing that purported to link him to ammunition does not differentiate between ammunition and the magazine holding the ammunition, and that the ATF's summary report clarifies that the swabbing was of the magazine, not ammunition.

---

[2] Mr. Evans does not challenge his status as a prohibited person.

3

(*Id.*) Possession of a magazine, Mr. Evans continues, is neither charged nor illegal, leaving the Indictment charging an offense with no evidentiary support. (*Id.*) In response, the government asserts Mr. Evans's challenge to the sufficiency of evidence to support the Indictment is fundamentally a trial issue and one that is contested, requiring a factfinder's determination.

## ANALYSIS

Under Federal Rule of Criminal Procedure 12(b)(1), a defendant "may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." The Rule enumerates a number of bases for asserting a defect in the indictment, of which the most relevant here is the failure to state an offense. Fed. R. Crim. P. 12(b)(3)(B). But a pretrial failure to state an offense challenge is a *facial* one; if an indictment contains facially sufficient allegations to support the charged offense, "federal criminal procedure does not provide for a pre-trial determination of sufficiency of the evidence." *United States v. Ferro*, 252 F.3d 964, 968 (8th Cir. 2001) (citation omitted).

"An indictment is legally sufficient on its face if it contains all of the essential elements of the charged offense, fairly informs the defendant of the charges against which [the defendant] must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to subsequent prosecution." *United States v. Flute*, 929 F.3d 584, 587 (8th Cir. 2019) (quoting *United States v. Fleming*, 8 F.3d 1265, 1265 (8th Cir. 1993)).

Mr. Evans does not suggest that the Indictment is facially defective. Nor would such an argument merit extensive discussion: it charges that Mr. Evans possessed 16 rounds of

Sellier & Bellot ammunition in the District of Minnesota on April 15, 2023, with knowledge he had been previously convicted of a felony offense, and that the ammunition affected interstate commerce. The Indictment sets forth sufficient factual information for a reasonable person to understand the circumstances giving rise to the charge, provides enough information to satisfy any Double Jeopardy concerns, and no element of the charged offense is missing. *Accord United States v. Polychron*, 841 F.3d 833, 834 (8th Cir. 1988) ("In order to be valid, an indictment must allege that the defendant performed acts which, if proven, constitute the violation of law for which he is charged).

Mr. Evans's argument, rather, is that evidence beyond the indictment calls into question the grand jury's determination of probable cause to support the charges. Specifically, Mr. Evans appears to argue that the forensic evidence against him is equivocal because it linked him to the Glock 20's magazine but not ammunition.

The Court cannot accept Mr. Evans's invitation to engage in a pretrial weighing of the evidence against him. "[W]hen courts go beyond the face of the indictment, they are testing the sufficiency of the evidence, not whether the indictment stated an offense." *United States v. Sholley-Gonzalez*, 996 F.3d 887, 893 (8th Cir. 2021) (quoting *Ferro*, 252 F.3d at 968. "However, challenges to the evidence's sufficiency are tested by a motion for acquittal pursuant to Federal Rule of Criminal Procedure 29, not by a dismissal of an indictment on the basis of predictions as to what the trial evidence would be." *Sholley-Gonzalez*, 996 F.3d at 893 (cleaned up and citations omitted). Even if in rare circumstances the Court could entertain a motion to dismiss an indictment based on sufficiency of evidence, this is not such a case. Mr. Evans's motion is premised on the following logical

thread: his DNA was only found on the magazine containing ammunition, not the ammunition itself; a magazine is not within the statutory definition of ammunition[3]; therefore the charge for possession of ammunition cannot be sustained based on forensic evidence linking him to the Glock's magazine (but not its ammunition). But this evidence does not stand alone, and is not without its fair inferences. For instance, even if forensic evidence only tied Mr. Evans to the Glock's magazine (a point not conceded by the government), it is a fair inference that DNA on a loaded magazine suggests possession of not only of that magazine, but also the ammunition *loaded in* that magazine. And here, that inference is buttressed by other facts, including that Mr. Evans was driving a vehicle that had been carjacked by gunpoint just days earlier and which presently contained two loaded firearms. To be sure, Mr. Evans may contest his possession of ammunition, but that must be a trial exercise.

## RECOMMENDATION

Accordingly, based on all the files, records, and proceedings above, **IT IS RECOMMENDED** that Mr. Evans's Motion to Dismiss the Indictment (Doc. 27) be **DENIED.**

Date: May 23, 2025                                  *s/Douglas L. Micko*
                                                    DOUGLAS L. MICKO
                                                    United States Magistrate Judge

---

[3] 18 U.S.C. § 921(a)(17).

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed findings and recommendations within 14 days after being served with a copy" of the Report and Recommendation.

A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).